WOODBRIDGE & LANMAN<br>Attornies

[In the handwriting of William Woodbridge]

71.            1821

Supr Court

*John M*<sup>c</sup>*Donell*

*vs*

*John Scott*

filed in the
Clerks Office June
21st 1821
M DORR Clk

WAYNE COUNTY SS:

| | |
|---|---|
| *John M*<sup>c</sup>*Donell* | |
| *vs* | |
| *John Scott* | |

Application for a writ of certiorari to James Abbott, a Justice of the peace for s<sup>d</sup> county — in a suit tried before and a judgment rendered by, him, wherein the s<sup>d</sup> M<sup>c</sup>Donell was plaintiff and the s<sup>d</sup> Scott deft., — on the 13th day of March 1821.

John Scott the above defendant, having been duly Sworn, saith, That this was an action of trespass on the case brought against him by the plff. to recover the amount of certain costs which accrued to the s<sup>d</sup> plff. as he alledged on a certain complaint made on behalf of the United States by the said Scott before the said M<sup>c</sup>Donell as a justice of the peace on or about the 10th day of August, 1820: That on that complaint the said M<sup>c</sup>Donell bound the person against whom the complaint was made to appear at the next Supreme Court of the Territory: That at that term of the sd. court this affiant was not called upon to go before the grand jury on the Subject of said complaint, nor did the said jury return any bill into the said court to shew that

the s<sup>d</sup> complaint or the matter thereof had been before them: It therefore did not appear in this case tried as aforesaid before Justice Abbott, that the prisoner against whom said Complaint was made by the said Scott, was *discharged* by the s<sup>d</sup> M<sup>c</sup>Donell acting as Justice as aforesaid, or *tried and acquitted*, and therefore this affiant believes the judgment was contrary to law: That *oral* testimony was admitted on the said trial to go to the jury, to prove that the complaint aforesaid was made by the said Scott before the said Justice M<sup>c</sup>Donell: That the *Docket* of the said Justice M<sup>c</sup>Donell plff in this suit, was permitted to go to the jury as legal evidence, although it was objected to by the atty. for the said Scott: That a *transcript* of the Docket of the said plaintiff *certified by himself* was admitted as legal evidence to the jury altho' it was objected to by the counsel for the said Scott, and although it was not certified by the clerk of the county of Wayne and under the seal of the court of Said county, that the said plaintiff was a justice of the peace at the date of such proceeding or certificate, as is required by Statute, even if the plff had a right to introduce his own certificate as evidence for himself, which is denied: That one or two of the jurors, (as this affiant is informed by three of the jurors, and verily believes,) disclosed facts to the jury after they had retired to their room which influenced the jury to give a verdict against this affiant: That no other testimony or evidence than what is herein above stated, was adduced to the jury on the said trial: That the justice charged the jury "that it was no matter *how* they got at the facts, they were bound to take notice of every thing," by reason of which the juror or jurors aforesaid disclosed to the others those facts which were of their own private knowledge, and the jury also received and credited all the illegal testimony which had been during the trial adduced, and all conversations &<sup>c</sup> which passed before them that day: That in order to ascertain the rate of fees which were due by or claimed of, the said Scott, for the complaint aforesaid the plff. was permitted by the justice to give in evidence a Statute which this affiant verily believes was repealed long before the said complaint was made, and the Said repealing act was exhibited to the justice at the time but rejected by him: That at the time the said complaint was made, this affiant verily believes there was no statute in force allowing fees to justices of the peace for such services as was rendered on the complaint aforesaid: That the venire by virtue of which the jury was summoned was not according or equivalent to the form provided by Statute: That two venires were issued each of them commanding the constable to have *six* men only before the justice, and were in other respects informal, and the costs for issuing, to the justice, and for serving, to the constable, are taxed in the bill of costs against this affiant, which he believes is unjust and illegal: That the plff. by his account claimed of the deft. only four dolls. & Eighteen cents, and laid his damages at $5., and the

jurors brought in a verdict for the plff. for $5.56¼, and judgment has, as this affiant believes, been rendered against him erroneously to the amount of the damages as laid, *and the costs besides*, which in the whole makes a sum considerably larger than was demanded by the plff. of the def$^t$ in this action: and that the summons, or other process, issued in this case, was as this affiant believes altogether informal. JOHN SCOTT

Sworn to & subscribed
before me this 3$^d$ day of
April 1821.

       J. D. DOTY, Justice Peace.

John Scott the above affiant humbly prays your honor to allow him a writ of Certiorari on the above affidavit and that the Clerk of the Supreme Court may be directed to issue the same — And your Petitioner &$^c$

    J. D. DOTY, Atty for s$^d$ Scott         JOHN SCOTT

[In the handwriting of James Duane Doty]

Michigan, to wit;
    Allowed.
        WOODWARD, judge.
              April 3$^d$ 1821.

[In the handwriting of Augustus B. Woodward]